# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

MITCHELL BRUCKEN,  )
                               ) **Case No.: 1:20-cv-116**
      Plaintiff,  )
  v.  )
                               ) **COMPLAINT AND DEMAND FOR**
                               ) **JURY TRIAL**
DIVERSIFIED CONSULTANTS,  )
INC.,  )
      Defendant.  )

## COMPLAINT

MITCHELL BRUCKEN ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C.

§ 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Indiana and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Danville, Indiana 46122.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a corporation with its principal place of business located at 10550 Deerwood Park Blvd, Suite 309, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant placed repeated harassing telephone calls to Plaintiff's father on his cellular telephone number regarding an alleged debt that Plaintiff incurred

primarily for personal, family or household purposes.

12. Soon after the calls began, Plaintiff's father told Defendant that the debt was not his, and to stop calling him.

13. Defendant heard and acknowledged this request to stop calling.

14. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

15. Despite Plaintiff's father's clear demand to refrain from contacting him, Defendant persisted in calling him repeatedly.

16. During these calls, Defendant would share Plaintiff's personal information with Plaintiff's father, indicating that Plaintiff owed a debt.

17. Defendant told Plaintiff's father that if Plaintiff's debt was not paid within two weeks, it would be sent to collections.

18. Plaintiff never provided Defendant with his father's contact information, nor did Plaintiff ever give permission for Defendant to call his father.

19. Defendant's actions as described herein were taken with the intent to harass, upset, and coerce Plaintiff to pay the alleged debt.

## COUNT I
## **DEFENDANT VIOLATED §§1692b(3) OF THE FDCPA**

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

22. Defendant violated this section of the FDCPA by communicating with Plaintiff's father more than once regarding Plaintiff's debt, despite having been notified that it was calling the wrong person.

23. Defendant therefore violated both Section 1692b(3) of the FDCPA.

## COUNT II
## DEFENDANT VIOLATED §1692c(b) OF THE FDCPA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

25. Section 1692c(b) of the FDCPA forbids a debt collector from , in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

PLAINTIFF'S COMPLAINT

26. Defendant violated this section of the FDCPA when it communicated, in connection with a debt, with a third party, Plaintiff's father, without having Plaintiff's express permission to do so.

27. Defendant therefore violated Section 1692c(b) of the FDCPA.

## COUNT II
## **DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

30. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated these sections of the FDCPA when it called Plaintiff's father repeatedly in an attempt to collect Plaintiff's debt.

32. Defendant's conduct in contacting Plaintiff's father regarding Plaintiff's debt had the natural consequence of harassing, oppressing, abusing, and annoying Plaintiff, and Defendant intended that its actions have these consequences.

33. Defendant therefore violated both Section 1692d and 1692d(5) of the FDCPA.

WHEREFORE, Plaintiff, MITCHELL BRUCKEN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MITCHELL BRUCKEN, demands a jury trial in his case.

RESPECTFULLY SUBMITTED,

|  |  |
|---|---|
|  | KIMMEL & SILVERMAN, P.C.. |
| DATED: January 13, 2020 | By: */s/ Joseph C. Hoeffel* |
|  | Joseph C. Hoeffel |
|  | Kimmel & Silverman, P.C |
|  | 30 East Butler Pike |
|  | Ambler, PA 19002 |
|  | Telephone: (215) 540-8888 |
|  | Facsimile (215) 540-8817 |
|  | Email: teamkimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT